Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VII

| | | |
|---|---|---|
| **PABLO GONZALEZ ORTIZ**<br><br>Peticionario<br><br>v.<br><br>**ADMINISTRACION DE CORRECCION Y REHABILITACION DE PUERTO RICO P/SECRETARIO DE JUSTICIA Y OTROS**<br><br>Recurridos | KLAN202300864 | **APELACION, que acogemos como Certiorari**<br>Procedente del Tribunal de Primera Instancia, Sala de Guayama<br><br>Civil núm.:<br>**GM2023CV00389 (Salón 303)**<br><br><br>Sobre:<br>**MANDAMUS** |

Panel integrado por su presidenta la juez Domínguez Irizarry, la juez Grana Martínez y el juez Pérez Ocasio

Pérez Ocasio, juez ponente

### RESOLUCIÓN

En San Juan, Puerto Rico, a 19 de diciembre de 2023.

Comparece ante nos, Pablo González Ortiz, en adelante, González Ortiz o peticionario, por medio del recurso de Apelación de epígrafe, el cual acogemos como *Certiorari,* pues es el vehículo procesal adecuado para revisar órdenes y resoluciones interlocutorias emitidas por el Tribunal de Primera Instancia. Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, 52.1.[1]

González Ortiz solicita que revoquemos la *"Sentencia"* notificada el 25 de agosto de 2023, por el Tribunal de Primera Instancia de Guayama, en adelante, TPI-Guayama. Mediante el dictamen recurrido, el TPI-Guayama ordenó el cierre y archivo de la demanda incoada por González contra el Departamento de Corrección y Rehabilitación, en adelante, Departamento o recurrido.

---

[1] Mantenemos la designación alfanumérica provista por la Secretaria de este tribunal.

Número Identificador
RES2023_____

Por los fundamentos que expondremos a continuación, *denegamos* el recurso ante nuestra consideración.

**I.**

González Ortiz se encuentra confinado desde el 12 de diciembre de 2013, siendo ingresado inicialmente por una infracción al Art. 404 de la Ley de Sustancias Controladas, Ley Núm. 4 de 23 de junio de 1971, 24 LPRA sec. 2404. Posteriormente fue sentenciado por infracciones al Art. 130 del Código Penal de Puerto Rico, 33 LPRA sec. 5191 y al Art. 58 de la Ley Para la Seguridad, Bienestar y Protección de Menores, Ley Núm. 246-2011, según enmendada, 8 LPRA sec. 1174.[2]

El 30 de abril de 2022, González Ortiz presentó un recurso de revisión administrativa ante un panel hermano de este Tribunal, solicitando que se le cambiara la custodia penal, y se le transfiriera a la institución penal de Aguadilla. El 18 de mayo de 2022, el Tribunal de Apelaciones emitió una *"Sentencia"* en la que desestimó el recurso *por prematuro*, ya que el Departamento no había tomado una determinación final en cuanto a la solicitud de cambio de custodia y traslado.[3] En agosto del año 2022, la custodia solicitada y el traslado a Aguadilla le fue concedido. Sin embargo, en enero del año 2023, González Ortiz fue trasladado a la institución penal 500 de Guayama, en adelante, 500.

Es por esto que el 12 de mayo de 2023, González presentó una demanda ante el TPI-Guayama intitulada *"Moción informativa con prop[ó]sito que me trasladen nuevamente a Aguadilla"*.[4] Indicó el confinado que en Guayama no podía recibir visitas familiares, entre otras cosas.

---

[2] González Ortiz v. Departamento de Corrección y Rehabilitación, KLRA202200253 (Sentencia de 18 de mayo de 2022).
[3] *Id.*
[4] Apéndice del "Alegato del Estado", págs. 1-4.

El 24 de agosto de 2023, el Departamento presentó una *"Moción en Cumplimiento de Orden"*, en la que acreditó que González Ortiz se encontraba en la institución penal de Guerrero de Aguadilla desde mayo del año 2023.[5] Además, solicitó la desestimación del recurso por académico.

Así las cosas, el 25 de agosto de 2023, el TPI-Guayama notificó una *"Sentencia"* declarando "Con Lugar" la solicitud del Departamento, cerrando y archivando así el caso *por académico*.[6] No obstante, el 1 de septiembre de 2023, González Ortiz presentó una *"Moción Incoada Solicitando que se Enmiende Recurso anterior en Epígrafe"*.[7] En la mencionada moción, González Ortiz le solicitó al Foro Primario que enmendara su demanda, para incluir alegaciones de daños y perjuicios. Aunque admitió haber sido trasladado a la institución penal de Guerrero en Aguadilla, arguyó haber sufrido daños irreparables en la institución penal 500.

El 11 de septiembre de 2023, el TPI-Guayama notificó una *"Orden"* en la cual indicó que se refiriera a la sentencia del 25 de agosto de 2023.[8]

Inconforme, el aquí peticionario presentó un recurso de apelación el 26 de septiembre de 2023, ante esta Curia. El 5 de octubre de 2023, este Honorable Tribunal le concedió al peticionario un término de cinco (5) días para evidenciar la notificación a las partes y el foro primario, conforme al Reglamento del Tribunal de Apelaciones. Además, le concedió al Departamento un término de veinte (20) días para hacer alegación responsiva.

El 24 de octubre de 2023, la recurrido presentó una *"Solicitud de Término Adicional"* de veinte (20) días contados a partir del vencimiento del término inicial concedido para presentar su

---

[5] Apéndice del "Alegato del Estado", págs. 23-24.
[6] Apéndice del recurso, anejo I.
[7] Apéndice del "Alegato del Estado", págs. 25-29.
[8] Apéndice del recurso, anejo II.

posición en cuanto al recurso. Esta prórroga fue concedida por este Tribunal el 27 de octubre de 2023.

Finalmente, el 14 de noviembre de 2023, el recurrido presentó ante nos el *"Alegato del Estado"*. Con el beneficio de la comparecencia de ambas partes, procedemos a resolver.

## II.

El *certiorari* es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar el dictamen de un tribunal inferior. *Rivera Gómez y otros v. Arcos de Dorados Puerto Rico, Inc. y otros*, 2023 TSPR 65, 212 DPR ___ (2023); *Torres González v. Zaragoza Meléndez*, 2023 TSPR 46, 211 DPR ___ (2023); *Caribbean Orthopedics v. Medshape et al.*, 207 DPR 994, 1004 (2021). A diferencia del recurso de Apelación, la expedición de un *Certiorari* es discrecional. *Pueblo v. Rivera Montalvo,* 205 DPR 352, 372 (2020). Ahora bien, tal discreción no opera en lo abstracto. Con respecto a lo anterior y para revisar los dictámenes interlocutorios del TPI, la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, dispone, en su parte pertinente, lo siguiente:

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el TPI, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 de este apéndice o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el TPI cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.
>
> [. . .]

Según se desprende de la citada Regla, este foro apelativo intermedio podrá revisar órdenes interlocutorias discrecionalmente,

cuando se recurre de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en *aquellas circunstancias en las que revisar el dictamen evitaría un irremediable fracaso de la justicia*, entre otras. *Mun. de Caguas v. JRO Construction*, 201 DPR 703, 710 (2019).

A esos efectos, la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, dispone los criterios a considerar para "ejercer sabia y prudentemente su decisión de atender o no las controversias que le son planteadas". *Pueblo v. Rivera Montalvo*, supra, pág. 372; *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 96-97 (2008). Así, la Regla 40 del Reglamento del Tribunal de Apelaciones supra, funge como complemento a la Regla 52.1 de Procedimiento Civil, supra. La precitada Regla 40 de Reglamento del Tribunal de Apelaciones supra, dispone lo siguiente:

> El [T]ribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el TPI.
>
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> (E) Si la etapa de los procedimientos en que se presenta el caso es la más propicia para su consideración.
>
> (F) Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. 4 LPRA Ap. XXII-B, R. 40.

Sin embargo, ninguno de los mencionados criterios es determinante, por sí solo, para este ejercicio y no constituye una lista exhaustiva. *García v. Padró*, 165 DPR 324, 335-336 (2005). Por lo que, de los factores esbozados "se deduce que el foro apelativo intermedio evaluará tanto la corrección de la decisión recurrida, así como la etapa del procedimiento en que es presentada; esto, para determinar si es la más apropiada para intervenir y no ocasionar un fraccionamiento indebido o una dilación injustificada del litigio". *Torres Martínez v. Torres Ghigliotty*, supra, pág. 97. (Énfasis omitido).

De ordinario, un tribunal apelativo no debe intervenir con el ejercicio de la discreción del TPI, salvo que se demuestre que hubo un craso abuso de discreción, o que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial. *Dávila Nieves v. Meléndez Marín*, 187 D.P.R. 750, 770-771 (2013); *Pueblo v. Rivera Santiago*, 176 DPR 559, 581 (2009); *Zorniak Air Servs. v. Cessna Aircraft Co.,* 132 DPR 170, 181 (1992).

Finalmente, precisa señalar que la denegatoria a expedir un recurso discrecional no implica la ausencia de error en el dictamen, cuya revisión se solicitó, ni constituye una adjudicación en sus méritos. Al contrario, responde a la facultad discrecional del foro apelativo intermedio para no intervenir a destiempo con el trámite pautado por el foro de instancia. Torres Martinez v. Torres Ghigliotty, supra, pág. 98.

**III.**

El peticionario nos solicita que desestimemos la sentencia emitida por el TPI-Guayama el 25 de agosto de 2023.

Sin embargo, luego de una detenida lectura, y sosegado estudio de los documentos y alegatos presentados por las partes, este Tribunal no ha encontrado error, parcialidad o prejuicio manifiesto por el Foro Primario al emitir su dictamen.

Luego de la sentencia recurrida, el peticionario quiso enmendar las alegaciones de su demanda, con el fin de añadir un reclamo en concepto de daños, por razón del tiempo que fue transferido a la institución penal Guayama en Aguadilla. En respuesta a la solicitud de enmienda de González Ortiz, el TPI-Guayama indicó que se remitiera el aquí peticionario a la *"Sentencia"* originalmente dictada, denegando así la petición de enmendar su demanda.

Con relación a esto último, es importante que señalemos que las reglas 13.1 y 13.2 de Procedimiento Civil, supra, 32 LPRA Ap. V, R. 13.1 y R. 13.2, permiten que una parte enmiende sus alegaciones, previo a la contestación a la demanda. Además, permiten enmiendas aun después de la sentencia, siempre que se haga con el permiso, y a discreción, del Tribunal. Es decir, el TPI-Guayama estaba facultado para denegar las enmiendas que solicitaba realizar el peticionario.

**IV.**

Por los fundamentos que anteceden, *denegamos expedir el auto solicitado.*

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

La Jueza Grana Martínez concurre sin opinión escrita.

LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones